Tbe opinion of tbe Court was delivered by
O’Nbali;, J.
1. On tbe first ground of appeal, we are constrained to say, tbat we cannot give greater effect to tbe recovery in tbe case of this Plaintiff vs. The South Carolina Manufacturing Company, than was given on tbe circuit. It was admissible to show a former location in a suit at law between the plaintiff, and a party having an interest identical with the defendant. Still it could not be conclusive against the defendant, for be is not the same party, nor a privy in law, on the title then adjudicated. Nor does tbe decision in the case against Bridges, 11 Rich. 87, help the objection of tbe defendant to its admissibility in evidence. For there tbe only questions adjudicated were, that it was not conclusive: and that Bridges, who was a mere trespasser under Bobo, was no privy in law.
2. The grant under which the plaintiff claims was, we think, well located. The facts that the land in dispute lay on the ridge between the head-waters of Thicketty Creek, and Island Creek, that in 1802 it had been resurveyed, and that that plat was found to cover the locus in quo: that it, (the land in dispute) was always known and recognized as the Markley land, under whose grant the plaintiff claims; that in the suit against the South Carolina Manufacturing Company in 1851, the Markley grant was located on the land in dispute; that if the Brown corner, (where were found pointers of the age of the grant, and one line tree) was taken as the corner of the Markley grant, and the consequent location covering the land in dispute : or if taking the survey in 1802, with the Hickory station pointed out by Dobbins, with the concurring opinions of two such surveyors as Gibbs and *600 Epton, in favor of tbe location, certainly constitute unanswerable reasons in favor of tbe plaintiff’s location, and that tbe plaintiff ought to have bad a verdict. It is true tbe water marks are not precisely those found on the original plat: but these certainly ought not to prevail against such evidences of location as I have stated. Nor do I think the opinión of two very worthy men and good surveyors, Col. Harris and Mr. Camp, against the location, ought to prevail.
That the jury have found against the location is no reason why the verdict should stand. For in Felder vs. Bonett, 2 McM. 44-47, and in many other cases, we have held that the Court having the means of reaching the truth with greater certainty in questions of location than in most other questions of fact, will more readily grant motions for new trial.
The motion for a new trial is therefore granted.
Wardlaw, Withers, Whitner, Glover and MuNro, JJ., concurred.

Motion granted.